ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, #13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov

*Attorneys for Defendants
Romeo Aranas, Karen Gedney,
and Dana Marks*

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 0 5 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

ORDER

| | |
|---|---|
| RICHARD L. GRUBER,<br><br>           Plaintiff,<br><br>v.<br><br>KAREN GEDNEY, et al.,<br><br>           Defendants. | Case No. 3:15-cv-00543-RCJ-VPC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION (ECF NO. 91) TO MOTION FOR SUMMARY JUDGMENT**<br>(First Request) |

Defendants, Romeo Aranas, Karen Gedney and Dana Marks, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to reply to Plaintiff's opposition to Defendants' motion for summary judgment. This motion is made and based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all pleadings and papers on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 34. Plaintiff, Richard Gruber (Plaintiff), alleges that Romeo Aranas, Karen Gedney, and Dana Marks (collectively, Defendants) were deliberately indifferent to his serious medical need of Parkinson's disease by refusing to treat Plaintiff. *Id.* at 3.

On March 13, 2018, this Court extended Plaintiff's time to respond to Defendants' summary judgment motion. ECF No. 91. Plaintiff timely filed his opposition to Defendants' motion, *see* ECF No.

91, and Defendants' reply brief is due today, April 3, 2018. Unfortunately, Defendants' counsel has been unable to complete their reply. Because counsel had to move last week, she was out of the office for most of the week. This absence prevented her from finishing her clients' reply. Accordingly, Defendants respectfully request up to and including Tuesday, April 10, 2018, to file their reply.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

Here, Defendants request a short enlargement of time of one week in order to reply to Plaintiff's opposition to Defendants' motion for summary judgment. Defendants need this enlargement of time, because their counsel was out of the office most of last week in order to move from Reno to Carson City. Defendants have demonstrated good cause for the enlargement of time, and they do not believe that Plaintiff will be unfairly prejudiced by this short extension.

///

## IV. CONCLUSION

Because Defendants' counsel was out of the office and unable to complete her clients' reply to Plaintiff's opposition to their motion for summary judgment, Defendants respectfully request that this honorable Court grant the instant motion and allow them until Tuesday, April 10, 2018, to file their reply brief.

DATED this 3rd day of April, 2018.

> ADAM PAUL LAXALT
> Attorney General
>
> By: /s/ Gerri Lynn Hardcastle
> GERRI LYNN HARDCASTLE
> Deputy Attorney General
> State of Nevada
> Bureau of Litigation
> Public Safety Division
>
> *Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: April 3, 2018

3

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 3rd day of April, 2018, I caused a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION (ECF NO. 91) TO MOTION FOR SUMMARY JUDGMENT (First Request)**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

RICHARD L. GRUBER #85152
CARE OF NNCC LAW LIBRARIAN
NORTHERN NEVADA CORRECTION CENTER
P.O. BOX 7000
CARSON CITY, NV 89702
lawlibrary@doc.nv.gov

*Mackenzie Hodges*
An employee of the
Office of the Attorney General