ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, #13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, Karen Gedney,*
*and Dana Marks*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD L. GRUBER,<br><br>              Plaintiff,<br><br>v.<br><br>KAREN GEDNEY, et al.,<br><br>              Defendants. | Case No. 3:15-cv-00543-RCJ-VPC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION (ECF NO. 91) TO MOTION FOR SUMMARY JUDGMENT**<br>**(Third Request)** |

    Defendants, Romeo Aranas, Karen Gedney, and Dana Marks, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to reply to Plaintiff's opposition to Defendants' motion for summary judgment. This motion is made and based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all pleadings and papers on file herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT PROCEDURAL HISTORY**

    This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 34. Plaintiff, Richard Gruber (Plaintiff), alleges that Romeo Aranas, Karen Gedney, and Dana Marks (collectively, Defendants) were deliberately indifferent to his serious medical need of Parkinson's disease by refusing to treat Plaintiff. *Id.* at 3.

On March 20, 2018, Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment. ECF No. 91. Defendants' reply brief was due April 3, 2018. Due to personal obligations, Defendants' counsel was unable to complete her clients' reply by April 3rd and moved for an enlargement of time to file the reply. ECF No. 94. This honorable Court graciously granted Defendants' motion and allowed Defendants up to and including April 10, 2018 to file their reply. ECF No. 95. Although Defendants and their counsel intended to comply with today's deadline, counsel encountered an office emergency and sought until April 12, 2018 to file her clients' reply brief. ECF No. 96.

Counsel's request for two additional days, however, was shortsighted, because it did not allow this Court sufficient time to rule on the motion. Because this Court had not ruled on their second request for an enlargement of time, Defendants did not file their reply and awaited this Court's ruling. Earlier today, April 16, 2018, this honorable Court granted Defendants' second request for an enlargement of time and filed its order. ECF No. 97. As the deadline for Defendants to file their reply passed before this Court filed its order granting their motion for an enlargement of time, Defendants respectfully make this third request for an enlargement of time and submit their reply brief contemporaneously with this motion.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Therefore, a party requesting an enlargement of time to complete an act *after* the expiration of the time to do so must show "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has outlined several factors for determining when neglect is excusable for the purposes of FRCP 6(b)(1)(B). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993). Those factors are as follows: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

### III. DISCUSSION

Here, Defendants sought and received two (2) additional days to file their reply brief. Although this honorable Court allowed Defendants up to and including April 12, 2018 to file their brief, Defendants did not learn of the Court's decision until today, April 16, 2018, at 2:06 PM. Defendants did not file their reply on April 12, 2018, because this Court had not yet decided their motion, so they were uncertain if filing the reply was appropriate on that date. In retrospect, Defendants' counsel should have requested a minimum extension of one week in order to allow this Court to enter its order.

Nonetheless, Defendants assert that their neglect in failing to file their reply brief is excusable. First, Defendants do not anticipate any unfair prejudice to Plaintiff. Second, Defendants are solely two (2) business days late in filing their reply, so they do not foresee any impact—and especially not any negative impact—on the Court's proceedings. The reason for the delay in filing the reply until today is that this Court did not decide Defendants' second request for an enlargement of time until earlier today, when the requested deadline had already passed. As stated, Defendants should not have requested such a short deadline in their second request, so that this Court could have had sufficient time to decide the motion. Lastly, Defendants have acted in good faith. They have not sought to unfairly prejudice Plaintiff, nor have they sought to unnecessarily delay these proceedings.

Accordingly, Defendants respectfully request that this honorable Court grant their third request for an enlargement of time and accept their reply brief, which will be filed contemporaneously with this motion.

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, Defendants respectfully request that this honorable Court grant the instant motion and accept their contemporaneously filed reply brief.

DATED this 16th day of April, 2018.

ADAM PAUL LAXALT
Attorney General

By: *[signature]*
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

*[signature]*
U.S. MAGISTRATE JUDGE
DATED April 23, 2017

# CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 16th day of April, 2018, I caused a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO REPLY TO PLAINTIFF'S OPPOSITION (ECF NO. 91) TO MOTION FOR SUMMARY JUDGMENT (Third Request)**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

RICHARD L. GRUBER  #85152
CARE OF NNCC LAW LIBRARIAN
NORTHERN NEVADA CORRECTION CENTER
P.O. BOX 7000
CARSON CITY, NV 89702
lawlibrary@doc.nv.gov

*Mackenzie Hodges*
An employee of the
Office of the Attorney General