ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, Bar No.13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas, Karen Gedney*
*and Dana Marks*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD L. GRUBER,<br><br>                      Plaintiff,<br><br>v.<br><br>KAREN GEDNEY, et al.,<br><br>                  Defendants. | Case No.  3:15-cv-00543-RCJ-VPC<br><br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AT ECF NO. 101**<br>**(First Request)** |

Defendants, Romeo Aranas, Karen Gedney and Dana Marks, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to object to the Report and Recommendation of the U.S. Magistrate Judge at ECF No. 101.  This motion is made and based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all pleadings and papers on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 34. Plaintiff, Richard Gruber (Plaintiff), alleges that Defendants, Romeo Aranas, Karen Gedney and Dana Marks, were deliberately indifferent to his serious medical need of Parkinson's disease by refusing to treat him. *Id.* at 3.

/ / /

/ / /

On November 9, 2017, Defendants filed their motion for summary judgment. ECF No. 67. Plaintiff filed his opposition to Defendant's motion for summary judgment on March 20, 2018. ECF No. 91. Defendants filed their reply to Plaintiff's opposition on April 16, 2018. ECF No. 99.

Magistrate Judge Cooke entered the Report and Recommendation of U.S. Magistrate Judge on July 11, 2018. ECF No. 101. In her Report and Recommendation, she recommended that District Judge Jones grant summary judgment in favor of Defendant Aranas; however, she recommended that District Judge Jones deny summary judgment in favor of Defendant Gedney and Defendant Marks. *Id.* at 16.

As the Report and Recommendation states, a party wishing to object to the Report and Recommendation must file a written objection pursuant to 24 U.S.C. § 636(b)(1)(c) by July 25, 2018. *Id.* Unfortunately, Defendants will not be able to file their written objection by that time. Defendants' counsel has other deadlines (in other cases) on July 25, 2018, which cannot be extended, and counsel is unable to comply with those deadlines and the deadline for the objection in this case. Accordingly, Defendants request an additional fourteen (14) days to file their objection to the Report and Recommendation of the U.S. Magistrate Judge.

## II.    LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.,* 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely

2

made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## III. DISCUSSION

Here, Defendants request an additional fourteen (14) days to file their objection to the U.S. Magistrate Judge's Report and Recommendation at ECF No. 101. Defendants need this enlargement of time, because their counsel has deadlines in other cases on the same date that their objection is due pursuant to 24 U.S.C. § 636(b)(1)(c). The deadlines counsel faces in other cases cannot be extended and prevent counsel from meeting the deadline to object in this case. Defendants have demonstrated good cause for the enlargement of time, and they do not believe that Plaintiff will be unfairly prejudiced by this short extension.

## IV. CONCLUSION

Because Defendants' counsel is unable to complete her clients' objection to the Report and Recommendation of the U.S. Magistrate Judge, Defendants respectfully request that this honorable Court grant the instant motion and allow them until Wednesday, August 8, 2018, to file their reply brief.

DATED this 24th day of July, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED this 26th day of July, 2018.

_____
ROBERT C. JONES