ADAM PAUL LAXALT
   Attorney General
GERRI LYNN HARDCASTLE, Bar No.13142
   Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: 775-684-1134
Email: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Karen Gedney and Dana Marks*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD L. GRUBER,<br><br>                Plaintiff,<br><br>v.<br><br>KAREN GEDNEY, et al.,<br><br>                Defendants. | Case No. 3:15-cv-00543-RCJ-VPC<br><br>**ORDER GRANTING**<br>**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO U.S. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AT ECF NO. 101**<br>**(Second Request)** |

Defendants, Romeo Aranas, Karen Gedney, and Dana Marks, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to object to the Report and Recommendation of the U.S. Magistrate Judge at ECF No. 101. This motion is made and based on Fed. R. Civ. P. 6(b)(1), the following memorandum of points and authorities, and all pleadings and papers on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* inmate civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 34. Plaintiff, Richard Gruber (Plaintiff), alleges that Defendants, Karen Gedney and Dana Marks, were deliberately indifferent to his serious medical need of Parkinson's disease by refusing to treat him. *Id.* at 3.

On November 9, 2017, Defendants filed their motion for summary judgment. ECF No. 67. Plaintiff filed his opposition to Defendant's motion for summary judgment on March 20, 2018. ECF No. 91. Defendants filed their reply to Plaintiff's opposition on April 16, 2018. ECF No. 99.

1

1    Magistrate Judge Cooke entered the Report and Recommendation of U.S. Magistrate Judge on July 11, 2018. ECF No. 101. In her Report and Recommendation, she recommended that District Judge Jones grant summary judgment in favor of Defendant Aranas; however, she recommended that District Judge Jones deny summary judgment in favor of Defendant Gedney and Defendant Marks. *Id.* at 16.

A party wishing to object to the Report and Recommendation was required to file a written objection pursuant to 24 U.S.C. § 636(b)(1)(c) by July 25, 2018. *Id.*

On July 24, 2018, Defendants moved for an enlargement of time to object to the Report and Recommendation. ECF No. 102. District Judge Jones granted Defendants' motion and allowed them until Wednesday, August 8, 2018, to file their objection. ECF No. 103. Unfortunately, due to a sudden and unexpected death in her family last week, Defendants' counsel is unable to submit her clients' objection in accordance with the deadline. This family emergency has required to counsel to be intermittently out of the office during this last week, thereby preventing her from complying with all Court-ordered deadlines. Counsel respectfully requests this Court's indulgence and that Defendants be allowed an additional two weeks to file and serve their objection to the Report and Recommendation.

## II. LEGAL STANDARD

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.,* 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely

made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *See, e.g., Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### III. DISCUSSION

Here, Defendants request an additional two weeks to file their objection to the U.S. Magistrate Judge's Report and Recommendation at ECF No. 101. Defendants need this enlargement of time, because their counsel has been intermittently out of the office due to the sudden and unexpected death of a family member. Defendants assert that the death of a member of their counsel's family constitutes good cause for the enlargement of time, and they do not believe Plaintiff will be unfairly prejudiced by this short extension.

### IV. CONCLUSION

Because Defendants' counsel has been sporadically out of the office dealing with the death of a member of her family, Defendants respectfully request that this honorable Court grant the instant motion and allow them until Wednesday, August 22, 2018, to file their objection to the Report and Recommendation of the U.S. Magistrate Judge.

DATED this 8th day of August, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS HEREBY ORDERED that Defendants' Motion for Enlargement of Time (ECF No. 104) is GRANTED.
IT IS FURTHER ORDERED that Defendants shall file their objections to the Report and Recommendation on or before Wednesday, August 22, 2018. No further extensions shall be granted.

_____
ROBERT C. JONES
Dated: August 9, 2018.