# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD L. GRUBER,

    Plaintiff,

vs.

KAREN GEDNEY et al.,

    Defendants.

3:15-cv-00543-RCJ-CBC

**ORDER**

Plaintiff Richard Gruber sued Nevada Department of Corrections ("NDOC") Dr. Karen Gedney, Director of Nursing John Keast, Director of Nursing Jonathan Perry, Medical Director Romeo Aranas, and Warden Isidro Baca in this Court under 42 U.S.C. § 1983 for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). He alleged he suffered from Parkinson's disease and that his symptoms had increased in severity, including muscle rigidity, stiffness, difficulty bending arms and legs, unstable posture, loss of balance, shuffling walk, slowed movement, difficulty initiating voluntary movement, difficulty walking, muscle aches, tremors, difficulty speaking and writing, anxiety, depression, and seborrhea. Plaintiff alleged NDOC had known of his condition since 2004, but he had not been provided with any treatment. Dr. Gedney told Plaintiff that there was no medication that would help him and that he would have to deal with his symptoms. The Court permitted the Complaint

to proceed upon screening on a single claim of deliberate indifference to serious medical needs. The Magistrate Judge permitted Plaintiff to amend to omit Baca, Keast, and Perry as Defendants, to add Dr. Marks as a Defendant, and to make further allegations relating to the existing claim. A settlement conference was unsuccessful, and Defendants have moved for summary judgment. The Magistrate Judge[1] has recommended granting the motion as to Dr. Aranas but denying it as to Drs. Marks and Gedney.

The Court adopts the Report and Recommendation ("R&R") but will clarify its reasons to the extent the R&R might be read differently. First, the Court agrees that there is no genuine issue of material fact that Dr. Aranas had no personal participation in the alleged denial of treatment either via direct orders to Drs. Marks or Gedney or via implementation of any general policy resulting in non-treatment. He therefore cannot be held liable for the alleged deliberate indifference of Drs. Marks or Gedney.

Second, the Court agrees that there is a genuine issue of material fact whether Drs. Marks and Gedney acted with deliberate indifference in failing to diagnose Plaintiff with Parkinson's Disease and treat him for it. The Court differs slightly with the Magistrate Judge as to the exhaustion issue and the legitimate basis for the claim, which are intertwined. The claim survives summary judgment based on statements Dr. Gedney allegedly made "in 2014–2015" that NDOC would not have to treat Plaintiff for Parkinson's Disease—which is very expensive—if they did not diagnose him with it, as well as statements Dr. Marks allegedly made in 2016 that there was "no doubt" Plaintiff had Parkinson's Disease but that he should "hang tight until you're released." The grievance as to this issue that Plaintiff filed in April 2015 was timely as to

---

[1] Magistrate Judge Cooke issued the Report and Recommendation, but the case has been reassigned to Magistrate Judge Carry due to Magistrate Judge Cooke's retirement.

Dr. Gedney, and he need not have later separately grieved the continuing wrong as against Dr. Marks.

There is no genuine dispute that Plaintiff first learned of the alleged continuing wrong no later than the date in 2014 or 2015 when Dr. Gedney first indicated a purposeful wrongful diagnosis, but the wrong did not begin in 2005, because absent an improper motivation for failure to diagnose Parkinson's Disease, as opposed to a medical disagreement over the diagnosis, there is simply no claim. That is, summary judgment is appropriate insofar as the claim is based on a bare failure to diagnose Plaintiff with Parkinson's Disease as opposed to Parkinsonism. And this is likely the case for the vast majority of the time between 2005 and the point in 2014–2015 when Dr. Gedney first allegedly told Plaintiff he would not be properly diagnosed due to cost. The record appears undisputed that Parkinson's Disease and Parkinsonism are similar but different, and it is a matter of medical opinion which of these Plaintiff suffered from at which points in time. Plaintiff himself alleges that his symptoms worsened dramatically in 2014. Damages are available against Drs. Gedney and Marks, respectively, only from the points Plaintiff was purposely improperly diagnosed by each doctor. Plaintiff will have to prove those time periods at trial.

The Court rejects Defendants' objections that Plaintiff's attestations concerning Defendants' statements are "implausible." The claims may or may not be "implausible" in the colloquial sense of the word, but that has no import on the legal analysis in the summary judgment context. "Plausibility" is a pleading burden with a very particular meaning, not an evidentiary burden applicable to summary judgment, and a court may not assess credibility on summary judgment. Nor may a court weigh the evidence on summary judgment, as Defendants suggest when describing their own evidence as "overwhelming." A court may refuse to accept a

non-movant's version of the facts on summary judgment where other evidence affirmatively disproves that version, *Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that in light of a video of a car chase so clearly showing that the defendant was endangering the public that no reasonable jury watching it could conclude otherwise, the defendant's attestation to the contrary did not require a jury to decide the question), but a court may not discount a non-movant's testimony through plain evidence weighing or credibility judging. The Court here cannot resolve a "swearing contest" against Plaintiff. The Court in *Scott* could not have resolved the issue against the non-movant based merely on contrary attestations. If, for example, there were an audio recording of the alleged discussions in this case that affirmatively disproved Plaintiff's claims of what Defendants said, the Court could grant summary judgment under *Scott* despite Plaintiff's contrary testimony, but there is no such recording. Defendants also argue that there is no evidence corroborating Plaintiff's testimony. But no corroboration is required to survive summary judgment, so long as the evidence adduced would be sufficient for a jury that credited it to find for the non-movant. A reasonable jury could find for Plaintiff in this case if it believed his testimony that Drs. Gedney and Marks made statements indicating an intentional refusal to properly diagnose and treat Plaintiff.

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Objection (ECF No. 106) is OVERRULED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike (ECF No. 112) is GRANTED, and Defendants' erroneously filed Objection (ECF No. 109) is STRICKEN.

IT IS FURTHER ORDERED that the Clerk shall correct the docket to reflect that Plaintiff's Response (ECF No. 111) is to Defendants' Objection (ECF No. 106).

IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 101) is ADOPTED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 67) is GRANTED as to Dr. Aranas but DENIED as to Drs. Marks and Gedney, as indicated herein.

IT IS SO ORDERED.

Dated this 24th day of September, 2018.

_____
ROBERT C. JONES
United States District Judge